UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA HOLMES,<br><br>               Plaintiff,<br><br>   v.<br><br>TACOMA PUBLIC SCHOOL DISTRICT NO. 10, et al.,<br><br>               Defendants. | CASE NO. C16-5317 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Tacoma Public School District No. 10's ("District") motion for summary judgment (Dkt. 30). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 29, 2016, Plaintiff Sandra Holmes ("Holmes") filed a complaint against the District in Pierce County Superior Court for the State of Washington. Dkt. 1-1. Holmes asserts causes of action for wrongful termination and discrimination on the basis of her race, disability, and age. *Id*.

On April 29, 2016, the District removed the matter to this Court. Dkt. 1.

On June 28, 2017, the District filed a motion for summary judgment. Dkt. 30. On July 17, 2017, Holmes responded. Dkt. 34. On July 21, 2017, the District replied. Dkt. 35.

## II. FACTUAL BACKGROUND

Holmes was an elementary school teacher for the District from 2006 until the District placed her on administrative leave on February 10, 2014. Dkt. 1-1, ¶ 6. On May 13, 2014, the District officially terminated Holmes. Dkt. 31-2. Holmes appealed the termination that same day. Dkt. 31-3. On March 5, 2015, Hearing Officer Robert Peterson upheld the termination. Dkt. 31-4.

On October 5, 2015, Holmes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 31-5. Holmes alleged that the discrimination took place from February 10, 2013, to February 7, 2014. *Id.* On November 2, 2015, the EEOC notified Holmes that her charge "was not timely filed with the EEOC." Dkt. 31-6.

## III. DISCUSSION

The District argues that Holmes's claims are barred by her failure to timely exhaust her administrative remedies. Dkt. 30. The Court agrees.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party

fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. Federal Claims**

A plaintiff alleging employment discrimination under Title VII must file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); *Nat'l Passenger Railroad Corp. v. Morgan*, 536 U.S. 101, 104–105 (2002). Likewise, a plaintiff alleging disability discrimination under the ADA must file a charge with the EEOC within 300 days of the alleged discriminatory act. 42 U.S.C. § 12117; *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003).

In this case, the District argues that Holmes did not timely file a charge with the EEOC. Dkt. 30 at 7–8. Holmes alleged that the discrimination took place from February 10, 2013, to February 7, 2014, and she filed her charge on October 5, 2015. Dkt. 31-5. The Court agrees with the District and the EEOC that her charge was clearly untimely because the charge was filed more than 300 days after the alleged discrimination. Holmes, however, argues that her termination did not become final until the administrative judge upheld the termination. Dkt. 34 at 7. Holmes cites no authority for this proposition. Even if this was the alleged unlawful employment practice, Holmes failed to include it in her charge to the EEOC. Instead, she only mentioned her termination on February 10, 2013 and her union's denial of her appeal on February 7, 2014. Therefore, the Court concludes that Holmes failed to timely file a charge with the EEOC.

Although Holmes did not timely file her charge, the Supreme Court has held that the "time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Morgan*, 536 U.S. at 113. "Equitable tolling is, however, to be applied only

sparingly." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997).  For example, the Supreme Court has allowed equitable tolling when "the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (collecting cases).  "Courts have been generally unforgiving . . . when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'"  *Id*. (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Holmes simply fails to show that she diligently pursued her federal rights.  The District sent her a termination letter on May 13, 2014, and she could have proactively filed a claim with the EEOC that would have been held in suspension until her union rights were investigated.  Moreover, Holmes asserts that the District's directive to not communicate with any other District employee while she was on paid administrative leave stood in her way to fully investigate the facts of the alleged discrimination.  Dkt. 34 at 7.  This assertion is undermined by the fact that her union representative was investigating the matter on her behalf and Holmes defied the directive and communicated with staff regarding the facts surrounding her termination.  *See* Dkt. 31-2 at 9 ("You stated that since you have been on [administrative] leave, you have talked with another [District] staff member regarding the subject matter of the investigation . . . .").  Therefore, the Court concludes that Holmes has failed to show that she is entitled to equitable tolling and grants the District's motion for summary judgment on Holmes's federal claims because Holmes did not timely file an EEOC claim.

C.   **State Claims**

RCW 4.96.010(1) states that a party must file a claim for damages with a local governmental entity before commencing a tort action against that entity.

In this case, the District argues that Holmes failed to comply with the notice claim statute. Dkt. 30 at 8–10. Holmes contends that this statute only applies to common law tort causes of action and does not apply to her claim under the Washington Law Against Discrimination, RCW Chapter 49.60. Dkt. 34 at 5. Holmes cites no authority for this proposition. In fact, Holmes's position is directly contrary to multiple authorities. *See*, *e.g.*, *Blair v. Washington State Univ.*, 108 Wn.2d 558, 576 (1987) ("The legislative histories of the statutes provide no additional support for the plaintiffs' contention that discrimination actions are exempt from the requirements of" the similar claim notice statute applicable to state entities). Therefore, the Court grants the District's motion for summary judgment on Holmes's state law claims because she failed to comply with the notice claim statute.

# IV. ORDER

Therefore, it is hereby **ORDERED** that the District's motion for summary judgment (Dkt. 30) is **GRANTED**. The Clerk shall enter **JUDGMENT** for the District and close this case.

Dated this 9th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge